# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNADETTE SHAW and DONALD SHAW, | |
| Plaintiffs, | CIVIL ACTION NO. 3:11-CV-680 |
| v. | (JUDGE CAPUTO) |
| CASEY MCMULLEN, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is the plaintiffs' complaint, which insufficiently alleges the diversity of the parties. (Doc. 1.) Because the complaint fails to properly plead the existence of subject matter jurisdiction, the complaint will be dismissed, and the plaintiffs will be given leave to amend.

## I. Background

Plaintiffs Bernadette and Donald Shaw filed a complaint against Casey McMullen. The complaint describes the Shaws as individuals who "reside" in Virginia, and McMullen as an individual who "resides" in Pennsylvania. The complaint invokes diversity-of-citizenship jurisdiction under 29 U.S.C. § 1332.

## II. Analysis

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork &*

*Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte*. *Id.*

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."  When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

Properly alleging diversity jurisdiction does not require extended allegations.  Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a

corporation incorporated under the laws of New York with its principal place of business in New York."

Here, the plaintiffs fail to allege the citizenship of the parties. The Court is informed of the states in which the plaintiffs and the defendant "reside." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

If the plaintiffs can properly allege the citizenship of each party and thereby show the Court that it can properly exercise subject matter jurisdiction, they will be permitted to do so pursuant to 28 U.S.C. § 1653. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### III. Conclusion

The complaint fails to show the existence of subject matter jurisdiction. The plaintiffs will be given an opportunity to amend their complaint if they can show that diversity-of-citizenship jurisdiction exists. The plaintiffs will be given twenty-one days in which to file an amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

April 22, 2011  /s/ A. Richard Caputo
Date   A. Richard Caputo
    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BERNADETTE SHAW and DONALD SHAW,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>CASEY MCMULLEN,<br><br>　　　　Defendant. | NO. 3:11-CV-680<br><br>(JUDGE CAPUTO) |

## **ORDER**

　　**NOW**, this 22nd day of April, 2011, **IT IS HEREBY ORDERED** that the plaintiffs are given leave to file an amended complaint within twenty-one (21) days from the date of this Order.  If the plaintiffs fail to do so, the action will be dismissed.


　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge